UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v. Case No: 2:20-cr-64-SPC-NPM

BRADLEIGH WAYNE CARTER

---

**OPINION AND ORDER**

Before the Court are the United States Probation Office's Memorandum (Doc. 98) and Defendant Bradleigh Wayne Carter's Unopposed Motion for Sentence Reduction Under Amendment 821 (Doc. 102). The Court imposed a 270-month sentence (210 months as to Count Two and 60 months as to Count Four, such terms to run consecutively), followed by 5 years of supervised release (per count, concurrent) for two counts related to drugs and guns. (Doc. 96). Defendant is eligible, however, for a sentence reduction as to Count Two only under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Part A of Amendment 821.

It used to be that a defendant who committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status received two extra criminal history points. But Part A of Amendment 821 has changed that procedure. Now defendants can move to reduce the extra points if they meet three criteria: (1) the defendant was assessed two status points under

§ 4A1.1(d) (now § 4A1.1(e)) and would be assessed only one status point under the amended guideline; (2) the reduction of status points would reduce the defendant's criminal history category and result in a lower guideline range; and (3) the defendant received a higher sentence than the minimum of the amended guideline range. Probation's Memorandum says Defendant meets all three, and a review of the record confirms so.

The Court originally calculated Defendant's total offense level to be 33 and his criminal history category to be V, which translated to an advisory guidelines range of 210 to 262 months as to Count Two. The Court sentenced Defendant to the low end of his advisory guidelines range—210 months of imprisonment.

Defendant's criminal history category would have been IV under the amended guidelines (the total offense level remains unchanged). The new criminal history category would render an advisory guidelines range of 188 to 235 months. Defendant asks that Court to reduce his sentence to 188 months of imprisonment as to Count Two, with said sentence to run consecutively with the 60-month sentence on Count Four. The Government does not oppose his request.

After considering Probation's Memorandum and the parties' recommendation against the record and applicable law, the Court will reduce Defendant's sentence as requested under 18 U.S.C. § 3582(c)(2), U.S.S.G. §

1B1.10, and Part A of Amendment 821. The Court thus grants Defendant's Unopposed Motion.

Accordingly, it is

**ORDERED**:

1. Defendant Bradleigh Wayne Carter's Unopposed Motion for Sentence Reduction Under Amendment 821 (Doc. 102) is **GRANTED.**
2. Defendant Bradleigh Wayne Carter's sentence is reduced to 188 months of imprisonment as to Count Two, with said sentence to run consecutively with the 60-month sentence on Count Four.

**DONE and ORDERED** in Fort Myers, Florida on September 25, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record